IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CARMEN GRIFFIN, | * | |
| PLAINTIFF, | * | |
| v. | * | Civil Action No. RDB-21-0286 |
| THE UNITED STATES OF AMERICA, | * | |
| | * | |
| DEFENDANT. | | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM ORDER**

Plaintiff Carmen Griffin ("Griffin" or "Plaintiff") has brought this action against Defendant the United States of America ("United States"), alleging negligence related to the maintenance of a staircase outside of a United States Post Office location in Elkton, Maryland. As this tort claim is brought against the United States pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 2671 *et seq.* ("FTCA"), federal jurisdiction is proper under 28 U.S.C. § 1402(b). Presently pending before this Court is the United States' Motion for Summary Judgment. (ECF No. 11.) The parties' submissions have been reviewed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2021). For the reasons that follow, the United States' Motion for Summary Judgment (ECF No. 11) is GRANTED, and Judgment is ENTERED in favor of the United States.

## **BACKGROUND**

On April 5, 2019, Plaintiff Carmen Griffin visited the United States Post Office location at 137 W. Main Street in Elkton, Maryland. (Pl. Dep. Tr., ECF No. 11-2 at 10; Pl. Opp., ECF No. 14-1 at 1.) As she ascended the stairs outside of the building with a letter in

her hand, she fell. (ECF No. 11-2 at 11.) Four days later, she completed and signed a Standard Form 95 administrative claim form and submitted it to the U.S. Postal Service. She stated that "she tripped and fell on the second step from the top of the stairs on the left hand side of the staircase. The fall occurred as a result of a defect on the stair which she could not have discovered prior to ascending said stairs and which was latent." (Pl. SF-95, ECF No. 11-3.) Griffin also claimed that she "injured her left wrist, left hip, and left knee when she fell on the steps." (*Id.*) She claimed $50,000 in damages. (*Id.*) The U.S. Postal Service denied her claim on September 3, 2020. (ECF No. 1 ¶ 9.)

On February 3, 2021, Griffin filed suit against the United States in this Court, seeking damages in excess of $75,000 for her injuries from the fall. (Compl., ECF No. 1 at 4.) In her August 17, 2021 deposition, Griffin stated that she did not look down as she ascended the stairs to the Post Office. (ECF No. 11-2 at 11.) She testified that the pavement on the steps was uneven and that there were "quite a few cracks" in it. (*Id.* at 11-13.) Griffin also testified that the stairs "were kind of damp," but that she did not "think it was the dampness," but rather a crack in the step that caused her to fall. (*Id.* at 16-17.) Griffin further testified that she did not remember if it had been raining on the day of her fall. (*Id.* at 17.)

### STANDARD OF REVIEW

Rule 56 of the Federal Rules of Civil Procedure provides that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is material if it 'might affect the outcome of the suit under the governing law.'" *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013) (quoting *Anderson v. Liberty Lobby, Inc.*,

477 U.S. 242, 248 (1986)). A genuine dispute over a material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. When considering a motion for summary judgment, a judge's function is limited to determining whether sufficient evidence exists on a claimed factual dispute to warrant submission of the matter to a jury for resolution at trial. *Id.* at 249. Trial courts in the Fourth Circuit have an "affirmative obligation . . . to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 526 (4th Cir. 2003) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993)).

In undertaking this inquiry, this Court must consider the facts and all reasonable inferences "in the light most favorable to the nonmoving party." *Libertarian Party of Va.*, 718 F.3d at 312; *see also Scott v. Harris*, 550 U.S. 372, 378 (2007). This Court "must not weigh evidence or make credibility determinations." *Foster v. Univ. of Md.-Eastern Shore*, 787 F.3d 243, 248 (4th Cir. 2015) (citing *Mercantile Peninsula Bank v. French*, 499 F.3d 345, 352 (4th Cir. 2007)); *see also Jacobs v. N.C. Admin. Off. of the Courts*, 780 F.3d 562, 569 (4th Cir. 2015) (explaining that a trial court may not make credibility determinations at the summary judgment stage). Indeed, it is the function of the factfinder to resolve factual disputes, including issues of witness credibility. *See Tolan v. Cotton*, 572 U.S. 650 (2014).

## ANALYSIS

Plaintiff's sole claim against the United States for negligence based on premises liability fails. Under the Federal Tort Claims Act, the United States may be held liable in tort "in the same respect as a private person would be liable under the law of the place where the act occurred." *Medina v. United States*, 259 F.3d 220, 223 (4th Cir. 2001). Accordingly, as the

3

parties agree, Maryland tort law governs Plaintiff's claim. (Def. Br., ECF No. 11-1 at 5; ECF No. 14-1 at 2.) In Maryland, to sustain a claim of negligence, Plaintiff must show that: (1) the United States owed her a duty to protect her from injury; (2) the duty was breached; (3) the United States' breach was the cause and proximate cause of her injuries; and (4) damages resulted. *Coleman v. United States*, 369 F. App'x 459, 461 (4th Cir. 2010). The parties also agree that Plaintiff was the United States' business invitee at the Elkton Post Office location. (ECF No. 11-1 at 6; ECF No. 14-1 at 3.) In Maryland, business owners owe their invitees a duty of care to protect them from unreasonable risk of injury. *Sherman v. Suburban Trust Co.*, 282 Md. 238, 384 A.2d 76, 79 (Md. 1978); *Frostbutter v. Bob Evans Farms, Inc.*, No. 12-2388, 2013 U.S. Dist. LEXIS 111265, at *4 (D. Md. Aug. 6, 2013). Unreasonable risks are those that will not be discovered by invitees exercising ordinary care for their own safety. *Leatherwood Motor Coach Tours Corp. v. Nathan*, 84 Md. App. 370, 381, 579 A.2d 797 (1990) (quoting *Sherman*, 282 Md. at 242). Specifically, in this slip and fall case, Plaintiff must show: (1) a dangerous condition existed; (2) the United States had actual or constructive knowledge of the condition; and (3) that knowledge was gained in sufficient time for the United States to fix the condition or warn Plaintiff. *Maans v. Giant of Md., L.L.C.*, 871 A.2d 627, 632 (Md. Ct. Spec. App. 2005).

In this case, summary judgment in favor the United States is appropriate because Plaintiff has come forward with no evidence to show the existence of conditions creating an unreasonable risk to safety. "It is well settled that uneven ground surface generally does not amount to an 'unreasonable risk,' because pedestrians customarily and ordinarily expect to encounter such variations in terrain." *Schaefer v. United States*, Civil Action No. PX-15-02690,

2017 U.S. Dist. LEXIS 88690, at *5 (D. Md. June 9, 2017) (collecting cases). Indeed, "[i]t is simply an accepted fact of daily living that 'pavements will in time become irregular and uneven from roots of trees, heavy rains and snows, or other causes.'" *Schaefer*, 2017 U.S. Dist. LEXIS 88690, at *6 (quoting *Martin v. Mayor & Council of Rockville*, 258 Md. 177, 182, 265 A.2d 241 (1970)). Moreover, where, as in this case, the alleged defect is open and obvious, Plaintiff is not entitled to recovery. *Coleman*, 369 Fed. App'x at 462. Open and obvious conditions are apparent and recognizable to "a reasonable person in the position of a visitor, exercising ordinary perception, intelligence, and judgment." *Id.* When encountering open and obvious defects, invitees like Plaintiff are responsible for exercising basic care for their own safety, including a "duty to look and see what is around [them]." *Id.* In this case, even assuming that the pavement on the stairs was uneven, Plaintiff has come forward with no evidence to suggest that the unevenness was not open and obvious. Instead, the uncontroverted evidence in the record shows that Plaintiff failed to look down at the stairs as she ascended them. (ECF No. 11-2 at 11.) The record also reflects that Plaintiff failed to use the handrails on the stairs. (*Id.* at 27-28.) As Judge Blake of this Court has recently noted,

> Regrettably, sidewalk imperfections are a part of ordinary life. At times they may cause someone to fall, and the result may be merely an unfortunate accident rather than a tortious breach of duty. Such is the case here, and for that reason, the court will grant the motion for summary judgment.

*McManus v. Target Corp.*, Civil Action No. CCB-18-1672, 2019 U.S. Dist. LEXIS 65834, at *9 (D. Md. Apr. 17, 2019). So too in this case.

In addition, to the extent Plaintiff claims that a wet substance on the stairs caused her to fall, she has failed to meet her burden to come forward with any evidence establishing that the United States had actual or constructive knowledge of the hazard. In her opposition

5

brief, Plaintiff argues merely that the United States likely knew "of the moisture on the steps if a substance as spilled or if it had been cleaned via the transparent front door." (ECF No. 14-1.) However, "[t]he arguments of counsel, absent any evidence . . . fail to meet the evidentiary standard necessary to create a genuine issue of material fact." *Rountree v. Fairfax Cty. Sch. Bd.*, 933 F.2d 219, 223 (4th Cir. 1991). There is simply no evidence in the record to show that the United States had either actual or constructive knowledge of any wet substance on the stairs. *Cf. Rybas v. Riverview Hotel Corp.*, 21 F. Supp. 3d 548, 562 (D. Md. 2014) (concluding that a plaintiff had come forward with "overwhelming" evidence from which a jury could find constructive knowledge of slippery conditions on a dance floor including testimony from several witnesses regarding rainy conditions). Accordingly, Plaintiff's negligence claim fails, and the United States' Motion for Summary Judgment (ECF No. 11) is GRANTED.

## CONCLUSION

For the reasons stated above, it is HEREBY ORDERED this 1st day of April, 2022 that:

1. Defendant United States of America's Motion for Summary Judgment (ECF No. 11) is GRANTED, and Judgment shall be ENTERED in favor of the United States of America;

2. The Clerk of this Court shall CLOSE this case; and

3. The Clerk of this Court shall provide copies of this Memorandum Order to counsel of record.

_____/s/_____

Richard D. Bennett
United States District Judge